UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
AYESHA ALI-REYNOSO, JACK
GORMAN, WALKER KEITH JERNIGAN,
DEXTER JONES, SOREN KODAK,
THEIS LUNDEN, JEREMY MCBRIAN,
HALI NELSON, ISAAC ROLLER,
JEFFREY SAMUEL STRICKLEN,
ISAIAH SHIP, BRETT WEINSTEIN,
ALEX WILKINS, and DAVID YANG,

                REPORT AND
                RECOMMENDATION
                24 CV 6090 (ENV)(RML)

        Plaintiffs,

    -against-

LEON YUGRAKH and ANCHOR AND
CANVAS SOLUTIONS, INC.,

        Defendants.
--------------------------------------------------------X

LEVY, United States Magistrate Judge:

        Pending before me, on a referral from the Honorable Eric N. Vitaliano, United States District Judge, is plaintiffs' first motion for default judgment against defendants. (Plaintiffs' Motion for Default Judgment, dated Mar. 10, 2025 ("Pls.' Mot."), Dkt. No 16.) For the reasons stated below, I respectfully recommend that plaintiffs' motion be denied without prejudice and that plaintiffs be granted thirty days to cure the procedural deficiencies noted herein.

## BACKGROUND

        Plaintiffs Ayesha Ali-Reynoso, Jack Gorman, Walker Keith Jernigan, Dexter Jones, Soren Kodak, Theis Lunden, Jeremy Mcbrian, Hali Nelson, Isaac Roller, Jeffrey Samuel Stricklen, Isaiah Ship, Brett Weinstein, Alex Wilkins, and David Yang ("plaintiffs") commenced this wage-and-hour action on August 30, 2024 against Leon Yugrakh ("individual defendant") and Anchor and Canvas Solutions, Inc. ("corporate defendant") (collectively "defendants")

alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., New York Labor Law ("NYLL"), §§ 190 et seq. and 650 et seq., and regulations promulgated thereunder.  (Complaint, filed Aug. 30, 2024, Dkt. No. 1.)  Plaintiffs filed proof of service of the summons and complaint on defendants on December 9, 2024.  (Affidavit of Service of Damien Mohrmann, sworn to Nov. 7, 2024 ("Mohrmann Aff."), Dkt. No. 9; Affidavit of Service of Robert Guyette, sworn to Nov. 5, 2024, Dkt. No. 10.)

After defendants failed to answer or otherwise respond to the complaint, the court ordered plaintiffs to move for entry of default.  (Order, dated Dec. 30, 2024.)  Plaintiffs moved for entry of default pursuant to Federal Rule of Civil Procedure 55(a) on January 21, 2025 (Request for Certificate of Default, dated Jan. 21, 2025, Dkt. No. 12.)  The Clerk of the Court denied plaintiffs' request due to their failure to comply with Local Civil Rule 55.1(a)(4), which requires a movant to file a certificate of service showing that all supporting papers have been personally served on, or mailed to the last known residence (for an individual defendant) or business address (for other defendants) of, the party against whom default is sought.  (Denial of Request for Certificate of Default, dated Jan. 23, 2025.)  Plaintiffs filed a renewed request for certificate of default on February 17, 2025.  (Request for Certificate of Default, dated Feb. 17, 2025, Dkt. No. 14.)  The Clerk of the Court noted defendants' defaults on February 19, 2024.  (Clerk's Entry of Default, dated Feb. 19, 2024, Dkt. No. 15.)  Plaintiff filed the instant motion for default judgment on March 10, 2025.  (Pls.' Mot.)

## DISCUSSION

"A motion for default judgment will be denied if the movant fails to follow all relevant procedural rules."  Lopez v. Metro & Graham LLC, No. 22 CV 332, 2022 WL 18809176, at *3 (E.D.N.Y. Dec. 16, 2022), report and recommendation adopted, 2023 WL

2

2140418 (E.D.N.Y. Feb. 21, 2023) (citations omitted).  "Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution."  Contino v. United States, 535 F.3d 124, 126 (2d Cir. 2008).  Here, plaintiffs' motion is procedurally deficient in that plaintiffs have failed to show compliance with the Servicemembers Civil Relief Act ("SCRA") and have failed to comply with the Local Civil Rules governing default judgment motions.

I.  The Servicemembers Civil Relief Act

"In a default judgment action, a plaintiff is required to file an affidavit that states whether the defendant is serving in the military and must show necessary facts in support of the affidavit."  Lopez, 2022 WL 18809176, at *5 (citing 50 U.S.C. § 3931(b)(1)).  "The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default [judgment] is to be entered."  Tenemaza v. Eagle Masonry Corp., No. 20 CV 452, 2021 WL 8317120, at *5 (E.D.N.Y. July 22, 2021) (citing Pruco Life Ins. Co. of New Jersey v. Est. of Locker, No. 12 CV 882, 2012 WL 3062754, at *1 (E.D.N.Y. July 23, 2012)).  "The court lacks the power to excuse compliance with this statute."  Id. (citing Uribe v. Nieves, No. 17 CV 5155, 2018 WL 4861377, at *1 (E.D.N.Y. Sept. 26, 2018)).  "Failure to comply with these requirements is sufficient to deny default judgment."  Quinayas v. Smart Tortilla LLC, No. 24 CV 2823, 2025 WL 815416, at *3 (E.D.N.Y. Mar. 14, 2025) (citing Windward Bora, LLC v. Ortiz, No. 21 CV 4154, 2022 WL 3648622, at *5 (E.D.N.Y. July 5, 2022), report and recommendation adopted, 2022 WL 3647586 (E.D.N.Y. Aug. 24, 2022)).

Here, plaintiffs have not demonstrated their compliance with the SCRA in connection with their motion for default judgment.  Plaintiffs' process server indicated that

individual defendant was not in military service at the time of service.  (Mohrmann Aff.)  However, plaintiffs have not demonstrated, by affidavit or declaration, any efforts to verify individual defendant's military service after the entry of default.  Without offering supporting facts, plaintiffs have failed to show that they have conducted any investigation into individual defendant's military status since he was served with process.  Thus, the court cannot find plaintiffs' compliance with the SCRA.  Quinayas, 2025 WL 815416, at *3 (citing Tenemaza, 2021 WL 8317120, at *5); see also Lopez, 2022 WL 18809176, at *5 ("A plaintiff's failure to include 'a certification that the individual defendant is not a servicemember' is grounds to deny a motion for default judgment.") (quoting Bhagwat v. Queens Carpet Mall, Inc., No. 14 CV 5474, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017)).

## II. Local Civil Rule 55.2

Plaintiffs' motion should also be denied for failure to comply with Local Civil Rule 55.2(a).  Rhoden v. Mittal, No. 18 CV 6613, 2020 WL 13664671, at *2 (E.D.N.Y. Jan. 3, 2020) ("Failure to comply with the requirements of Local Rule 55.2 is a basis to deny a motion for default judgment.").

First, plaintiffs have not attached a proposed default judgment order to the motion papers seeking such judgment.  See Loc. Civ. R. 55.2(a)(2) (requiring "a proposed order detailing the proposed judgment to be entered" in addition to all "papers required by Local Civil Rule 7.1").  "Failure to attach [a proposed form of default judgment] to the motion could, in and of itself, be reason to deny a motion for default judgment."  Colledge v. Steelstone Grp., LLC, No. 22 CV 2873, 2023 WL 5152300, at *3 (E.D.N.Y. June 16, 2023), report and recommendation adopted, 2023 WL 5759191 (E.D.N.Y. Sept. 5, 2023); see also Lugo v. Allstate Ins. Co., No. 19 CV 7150, 2022 WL 3928727, at *5 (E.D.N.Y. Aug. 10, 2022) (recommending

4

plaintiff's motion for default judgment be denied where "notably absent from Plaintiff's motion [was] the Clerk's certificate of default, a copy of the Complaint, and a proposed form of default judgment"), report and recommendation adopted, 2022 WL 3914981 (E.D.N.Y. Aug. 31, 2022).

Second, plaintiffs have failed to file a certificate of service "stating that all documents in support of the request for a default judgment" have been personally served on or mailed to the last known residence (for individual defendant) or business address (for corporate defendant). See LOC. CIV. R. 55.2(a)(3). Plaintiffs' failure to comply with Local Civil Rule 55.2(a)(3) requires denial of the motion. See Tenemaza, 2021 WL 8317120, at *4 ("The absence of proof that 'all papers submitted to the Court' were mailed to Defendants counsels against granting Plaintiff's motion for default judgment.").

## CONCLUSION

For the reasons set forth above, I respectfully recommend that plaintiffs' motion for default judgment be denied without prejudice to renewal. I further recommend that plaintiffs be granted thirty days to cure the deficiencies noted herein.

Plaintiffs are directed to serve copies of this Report and Recommendation on defendants by regular mail, and to file proof of service with the court within ten days of this Report and Recommendation. Any objections to this Report and Recommendation must be filed electronically within fourteen days. Failure to file objections within the specified time waives the right to appeal the district court's order. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge

Dated: March 24, 2025
　　　　Brooklyn, New York